IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

MS DISTRIBUTORS LLC,

**Plaintiff,**

v.

SYNERGY FACTORY LLC (FLORIDA),
ET AL.

**Defendants,**

CIVIL NO. 25-1108 (RAM)

## OPINION AND ORDER

Pending before the Court are Plaintiff MS Distributors LLC's ("Plaintiff" or "MS Distributors") requests for a temporary restraining order and civil seizure. For the reasons outlined below, Plaintiff's requests for these extraordinary remedies are **DENIED.**

### I.    BACKGROUND

On February 19, 2025, Plaintiff filed its *Verified Complaint* and *Verified Memorandum of Law in Support of Verified Complaint & Remedies Requested Therein* ("*Memorandum of Law*"). (Docket Nos. 2 and 3, respectively). Plaintiff claims that co-defendant Jose Luis Rodríguez-Centeno ("Mr. Rodríguez"), a former employee, misappropriated MS Distributor's trade secrets, namely its "product formulas and manufacturing process for various automobile care products," and improperly disclosed them to co-defendants

Jose Luis Irizarry-Alcover ("Mr. Irizarry"), Osvaldo Friger-Salgueiro ("Mr. Friger"), Synergy Factory LLC (Puerto Rico) ("Synergy PR"), Synergy Factory LLC (Florida) ("Synergy FL") (jointly referred to as "Synergy"), and Boulevard Garage Auto Service & O-Lube LLC ("Boulevard Garage") (collectively with Mr. Rodríguez, "Defendants"). (Docket No. 3 at 2). Moreover, Plaintiff contends "[t]he misappropriated trade secrets allowed Defendants to manufacture a line of products for automotive cleaning and maintenance, that they did not produce before." Id. at 3.

Notably, per Plaintiff's own account, MS Distributors has been attempting to stop Defendants' use of misappropriated trade secrets **for more than two years**, including filing a lawsuit under the Industrial and Trade Secret Protection Act of Puerto Rico ("ITSPA") before the Puerto Rico Court of First Instance of Arecibo. Id. Plaintiff contends that although the Puerto Rico Court granted injunctive relief against Mr. Rodríguez and Synergy PR, it has not been effective and Defendants continue to manufacture, distribute, and sell products developed using formulas and knowledge misappropriated from MS Distributors. Id. at 3-4.

In light of the above, Plaintiff seeks the following extraordinary, ex parte remedies: (1) a civil seizure order under the Defend Trade Secrets Act, 18 U.S.C. §§ 1836 et seq. ("DTSA");

and (2) a temporary restraining order under Fed. R. Civ. P. 65 and

the DTSA. (Docket No. 2 ¶¶ 115 – 131).[1]

## II.  APPLICABLE LAW

A. <u>Temporary Restraining Orders under Fed. R. Civ. P. 65</u>

When evaluating a request for a temporary restraining order,

courts must consider the same four factors that apply to a motion

for preliminary injunction, namely: (1) the likelihood of success

on the merits; (2) the potential for irreparable harm if the

request is denied; (3) the balance of hardships; and (4) whether

the TRO is in the public interest. *See* <u>Charlesbank Equity Fund II

v. Blinds To Go, Inc.</u>, 370 F.3d 151, 161-162 (1st Cir. 2004) ("We

hold that the traditional four-part preliminary injunction

standard applies in full flower to motions brought under Rule 65

in hopes of securing prejudgment freeze orders.").

Furthermore, courts may issue a temporary restraining order

only if:

> (A) specific facts in an affidavit or a
> verified complaint clearly show that **immediate
> and irreparable injury, loss, or damage** will
> result to the movant before the adverse party
> can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing
> any efforts made to give notice and the
> reasons why it should not be required.

---

[1] In its *Verified Complaint*, Plaintiff also requests: (1) a preliminary and
permanent injunction under the DTSA; (2) a statutory injunction under the Trade
Secret Protection Act of Puerto Rico ("ITSPA"), P.R. Laws. Ann. Tit. 10 § 4136;
and (3) damages, costs, and attorney's fees under the DTSA and the ITSPA.
(Docket No. 2 ¶¶ 132 – 165).

Fed. R. Civ. P. 65(b)(1) (emphasis added). It has long been established that under federal law, ex parte temporary restraining orders "**should be restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer.**" <u>Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Loc. No. 70 of Alameda Cnty.</u>, 415 U.S. 423, 439 (1974) (emphasis added). Therefore, "[t]emporary restraining orders 'must be used sparingly and only in cases where the need for extraordinary equitable relief is clear and plain.'" <u>Ginzburg v. Martinez-Davila</u>, 368 F.Supp. 3d 343, 347 (D.P.R. 2019) (quoting <u>Northwest Bypass Grp. v. United States Army Corps. of Eng'rs</u>, 453 F.Supp.2d 333, 338 (D.N.H. 2006)).

   B. <u>Ex parte seizure orders under the DTSA</u>

   The DTSA creates a private civil right of action for owners of a misappropriated trade secret related to a product or service used in interstate or foreign commerce. 18 U.S.C. § 1836(b)(1). The DTSA provides various remedies for misappropriation of trade secrets, including injunctions and damages. <u>Id.</u> § 1836(b)(2)-(3). In relevant part, the DTSA dictates that courts "may, upon ex parte application but only **in extraordinary circumstances, issue an order providing for the seizure of property necessary to prevent the propagation or dissemination of the trade secret that is the subject of the action.**" <u>Id.</u> § 1836(b)(2)(A)(i) (emphasis added).

However, requests for an ex parte seizure order cannot be granted

unless the court finds the following information clearly appears

from specific facts:

> **(I) an order issued pursuant to Rule 65** of the Federal Rules of Civil Procedure or another form of equitable relief **would be inadequate** to achieve the purpose of this paragraph **because the party to which the order would be issued would evade, avoid, or otherwise not comply with such an order;**
>
> **(II) an immediate and irreparable injury will occur if such seizure is not ordered;**
>
> **(III)** the harm to the applicant of denying the application outweighs the harm to the legitimate interests of the person against whom seizure would be ordered of granting the application and substantially outweighs the harm to any third parties who may be harmed by such seizure;
>
> **(IV)** the applicant is likely to succeed in showing that—
>   **(aa)** the information is a trade secret; and
>   **(bb)** the person against whom seizure would be ordered--
>   **(AA)** misappropriated the trade secret of the applicant by improper means; or
>   **(BB)** conspired to use improper means to misappropriate the trade secret of the applicant;
>
> **(V)** the person against whom seizure would be ordered has actual possession of—
>   **(aa)** the trade secret; and
>   **(bb)** any property to be seized;
>   **(VI)** the application describes with reasonable particularity the matter to be seized and, to the extent reasonable under the circumstances, identifies the location where the matter is to be seized;

> **(VII)** the person against whom seizure would be
> ordered, or persons acting in concert with
> such person, would destroy, move, hide, or
> otherwise make such matter inaccessible to the
> court, if the applicant were to proceed on
> notice to such person; and
>
> **(VIII)** the applicant has not publicized the
> requested seizure.

Id. § 1836(b)(2)(A)(ii) (emphasis added).

### III. DISCUSSION

As highlighted above, a movant seeking the issuance of a temporary restraining order and/or an ex-parte seizure order must establish "immediate and irreparable injury." *See* Fed. R. Civ. P. 65(b)(1)(A) and 18 U.S.C. § 1836(2)(A)(ii)(II). Per Plaintiff's *Verified Compliant* and *Memorandum of Law*, MS Distributors has been litigating the alleged misappropriation of trade secrets by Defendants since **2022**. (Docket Nos. 2 ¶ 112; 3 at 3). Thus, Plaintiff has failed to clearly show "**immediate** and irreparable injury, loss, or damage will result" **before** Defendants can be heard in opposition. Fed. R. Civ. P. 65(b)(1).

Furthermore, it is worth noting that in its request for civil seizure under the DTSA, Plaintiff seeks the seizure of the inventory of certain products manufactured by Defendants, namely carwash/car shampoo, degreaser, iron remover, multi-purpose cleaner, flushing, and tire shining. (Docket Nos. 2 ¶ 125; 3 at 20). However, Section 1836 of the DTSA allows for civil seizure of "the trade secrets itself or the property containing it, **but do[es]**

**not seem to authorize the seizure of products produced from use of the trade secret**." <u>Sysco Mach. Corp. v. Cymtek Sols., Inc.</u>, No. CV 22-11806-LTS, 2022 WL 17823769, at \*1 (D. Mass. 2022).[2]

Therefore, at this juncture, Plaintiff's requests for a temporary restraining order and ex parte seizure order against Defendants at Docket No. 3 are **DENIED** without prejudice.

### IV.    SCHEDULING ORDER

Plaintiff shall serve the *Verified Complaint* upon Defendants on or before March 18, 2025. Defendants shall respond to the *Verified Complaint* and Plaintiff's request for a preliminary injunction within seven (7) days from service of summons.

A preliminary injunction hearing is set for April 2, 2025 at 9:30 a.m. in Courtroom 7 before Judge Raúl M. Arias-Marxuach.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico this 25th day of February 2025.

s/Raúl M. Arias-Marxuach
UNITED STATES DISTRICT JUDGE

---

[2] The DTSA mandates that civil seizure orders "provide for the narrowest seizure of property necessary" to achieve the purpose of the law and that the seizure be conducted in a way that minimizes interruptions to the legitimate business operations. 18 U.S.C. § 1836(B)(ii). Accordingly, the Court notes that seizure orders are often tailored to only seize property containing trades secrets such as electronic computer devices, smartphones, external storage devices, etc., rather than the products allegedly manufactured with misappropriated trade secrets. *See e.g.*, <u>Solar Connect, LLC v. Endicott</u>, 2018 WL 2386066, at \*3 (D. Utah 2018); <u>Shumway v. Wright</u>, 2019 WL 8137119, at \*12 (D. Utah 2019), <u>amended,</u> 2019 WL 8129802 (D. Utah 2019), and <u>amended,</u> 2019 WL 8135311 (D. Utah 2019).